IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUBEN BUSTOS, | § | |
| (BOP No. 47273-380), | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION No. 4:19-CV-427-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court for review of pro-se inmate/plaintiff Ruben Bustos's ("Bustos") claims under the Federal Tort Claims Act (FTCA) against the United States of America (USA). Now pending is the motion for summary judgment of defendant USA, along with a brief in support and an appendix. Mot. for Summ. J, ECF No. 39; Brief, ECF No. 40; App., ECF No. 41. Plaintiff has not filed any response to the summary judgment motion. After review and consideration of the summary judgment motion, supporting documents, record, and applicable law, the Court concludes that the USA is entitled to summary judgment.

### PROCEDURAL HISTORY and BACKGROUND

Plaintiff Bustos is an inmate at the Bureau of Prisons' ("BOP") FMC-Fort Worth facility in Fort Worth, Texas. Compl.1, ECF No. 1. Bustos complains and alleges that the BOP medical staff committed medical negligence by not providing proper medical treatment for his documented hemophilia A condition. Am. Compl. 1-20, ECF No. 22. Specifically, although Bustos acknowledges he received treatments, including frequent doses of antihemophilic factor VIII recombinant (Advate), he contends he needed additional amounts

than provided. Bustos seeks monetary damages under the FTCA. Am. Compl, 18-19, ECF No. 22.

## SUMMARY JUDGMENT EVIDENCE

As noted, the USA filed an appendix in support of the motion for summary judgment. App., ECF No. 41. The appendix includes over 435 pages of medical records. ECF No. 41. The appendix also includes the declaration of Medical Records Technician Dana Tutor regarding Bustos's medical records, and BOP records related to FMC-Fort Worth's contract with outside medical providers. Tutor Declaration 5-6, ECF No. 41.

Bustos declared his amended complaint in this matter to be "true and correct" and made "under penalty of perjury." Am. Compl. 20, ECF No. 22. Under controlling circuit authority, this Court must consider the complaint as competent summary-judgment evidence in resolving the summary judgment motion. *See Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir. 2006) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (a plaintiff's verified complaint may serve as competent summary judgment evidence);  *see also Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (citing *Huckabay v. Moore*, 142 F.3d 233, 240 n. 6 (5th Cir. 1998); *see generally Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1989) (noting that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affidavit if made "under penalty of perjury" and verified as "true and correct").

The USA has presented a lengthy and detailed history related to what Bustos's medical records reveal regarding the medical care provided to him during the relevant time periods made the basis of the amended complaint. USA Brief 5–13, ECF No. 40. Bustos has not filed

any response to the summary judgment motion, and thus he has not come forward with any evidence to specifically respond to and contest defendant USA's summary judgment motion. As explained in the analysis section below, because Bustos's medical care claims for relief under the FTCA can be resolved on legal grounds, the Court will not include a restatement of a factual chronology as set forth in the records provided by the USA.

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909,

915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant [here, Bustos] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

### A.      Statute of Limitations Bars Some of Bustos's Claims

The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or six months from the time that the agency mails its final denial of the claim." 28 U.S.C. § 2401(b). Section 2401(b) "requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claim accrues "at the time of the plaintiff's injury," and does not "await awareness by the plaintiff that his injury was negligently inflicted." *United States v. Kubrick*, 444 U.S. 111, 120–123, (1979); *see also Trinity Marine*

*Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016). The statute of limitations begins to run upon the discovery of the injury, "even if the full extent of the injury is not discovered until much later." *Massey v. United States*, 312 F.3d 272, 278 (7th Cir. 2002).

Bustos claims he self-surrendered to FMC Fort Worth on May 10, 2016. Compl. ¶ 11, ECF No. 1. The next day, May 11, 2016, a staff physician completed an intake medical evaluation. *Id*. at ¶ 12. Bustos claims the amount of prescribed medication for his condition prior to incarceration was cut in half on that date by the FMC-Fort Worth physician. *Id*. Bustos also complains about an alleged lack of care by BOP staff for several months in the summer and early fall of 2016. *See* Compl. ¶¶ 13-21, ECF No. 1.

Bustos's claims regarding the initial prescription of Advate upon his entry into the BOP, as well his claims regarding displeasure with the attention given to him during the summer of 2016 time period, are time barred. Bustos claims to have been "suffering in pain" due to the allegedly negligent care since at least July 2016. *See* Compl. ¶ 15, ECF No. 1. His claim regarding the FMC-Fort Worth doctor's change in the dosage of the prescribed medication for his hemophilia A accrued on the date of the alleged medication change.

Bustos filed an administrative tort claim regarding the treatment provided for his hemophilia on October 12, 2018, received on October 15, 2018. Compl. Exs. A-B, 16-24, ECF No. 1. The October 2018 claim was filed well beyond two years from his May 2016 entrance to the BOP and any alleged change to his prescription dosage. As a claim of negligence accrues upon awareness of an injury, Bustos undoubtedly was aware of his injury at least upon his May 11, 2016 evaluation by the FMC-Fort Worth staff physician. Compl.

¶ 12, ECF No. 1. The knowledge of a potential claim was undoubtedly confirmed when, on

May 24, 2016, Bustos was evaluated by an outside hematology specialist and the medication

change allegedly implemented by FMC-Fort Worth medical staff was left in place. Id. at ¶

14. Finally, Bustos's knowledge of a potential claim at that time is confirmed by his

allegations that he experienced pain throughout the summer of 2016.

Thus, Bustos's claims regarding any change to his Advate prescription needed to be

presented to the agency by May 2018 in order to be timely. Any claim regarding negligent

medical treatment that occurred prior to October 15, 2018, two years prior to the filing of his

administrative tort claim, must be dismissed at untimely. Bustos has not offered any reason

that would have postponed such accrual. The USA is entitled to summary judgment as to

Bustos's claims arising prior to October 15, 2018.

> **B.    The United States is not Liable for the Actions of Contract Medical Providers.**

The FTCA is a limited waiver of sovereign immunity for the negligent acts and

omissions of government employees committed within the scope of their employment. The

United States has not waived sovereign immunity for the negligence of independent

contractors, and a court lacks jurisdiction over a claim if the alleged wrongdoer is not a

government employee. *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993). To

determine whether an individual is an employee or contractor, the court must evaluate the

extent to which the government has the power to supervise the individual's day-to-day

operations. *United States v. Orleans*, 425 U.S. 807, 814 (1976). In determining whether an

individual is a government employee for purposes of applying the independent contractor

exception, "the critical factor . . . is the power of the federal government to control the detailed physical performance of the individual." *Creel v. United States*, 598 F. 3d 210, 213 (5th Cir. 2010). Additionally, courts consider the relevant factors from the Restatement (Second) of Agency § 220 including:

(a) The extent of control which, by the agreement, the master may exercise over the details of the work;

(b) Whether or not the one employed is engaged in a distinct occupation or business;

(c) The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) The skill required in the particular occupation;

(e) Whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) The length of time for which the person is employed;

(g) The method of payment, whether by the time or by the job;

(h) Whether or not the work is a part of the regular business of the employer;

(i) Whether or not the parties believe they are creating a relation of master and servant; and

(j) Whether the principal is or is not in business.

*Creel*, 598 F.3d at 213-14; *see also Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010).

FMC-Fort Worth contracts with the University of North Texas Health Science Center

(UNTHSC) for comprehensive medical specialty care, including emergency medical care, general surgery, cardiology, and urology. App. at 2, ¶ 5, ECF No. 41. The UNTHSC sends BOP inmates to various medical providers in the Dallas/Fort Worth area to fulfill its role in the comprehensive medical contract. *Id*. The United States does not have an employer-employee relationship with the providers at UNTHSC, or the other providers to whom it refers inmates for care. The outside hematologist who has been treating Bustos's hemophilia is a specialist in a profession requiring a high degree of skill. In weighing the above factors, courts have long recognized that "a physician must have discretion to care for a patient and may not surrender control over certain medical details." *Peacock v. United States*, 597 F.3d at 659.

The contract specialist who has been treating Bustos for hemophilia care does not act at the direction or under the supervision of the United States. He has the independent ability to make medical decisions and determine appropriate care for Bustos. Therefore, all of the contract medical providers are independent contractors and any allegations of negligence against them, including against Dr. Ross (oncology/hematology) and Dr. Motley (podiatrist), as well as unnamed emergency room medical staff, may not be attributable to the United States. These doctors are not employees of the United States government. Instead, they are employees of private entities who visit FMC-Fort Worth for specialty appointments pursuant to a contract. Although FMC-Fort Worth staff provide basic medical care to all inmates, specialty care is performed through contracts with specialty providers. As noted by Defendant, FMC-Fort Worth does not employ full-time specialists in hematology or podiatry.

-8-

Accordingly, any FTCA claims asserted by Bustos based on upon the alleged acts or omissions of the outside contract medical providers that treated him must also be dismissed.

### C.    Lack of Expert Testimony Required to Support Medical Negligence Claims

#### 1.    FTCA Requires Medical Negligence be Proven in Accordance with State Law

The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of government employees when private individuals would be liable under the substantive law of the state in which the negligent acts occurred. *See* 28 U.S.C.A. § 1346(b)(1); 28 U.S.C.A. § 2674; *see also Quijano v. United States*, 325 F.3d 654, 567 (5th Cir. 2003). The FTCA essentially borrows from state law in that it allows the United States to be held liable for allegedly tortious conduct "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As Bustos's claims of alleged medical negligence occurred within Texas, Texas law applies to the review of the substance of Bustos's FTCA claim. *See Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985) ("Under the [FTCA], liability for medical malpractice is controlled by state law.").

In Texas, "health care liability claims are subject to strict pleading and proof requirements." *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 561 (5th Cir. 2008) (citing Tex. Civ. Prac. & Rem. Code §§ 74.001–507).  Particular to the medical negligence context, under Texas law the plaintiff bears the burden of proving four elements: (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) a causal connection between the breach of care and the injury. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir.

2008) (citing *Quijano*, 325 F.3d at 564-567); *see also Bryan v. Sherick*, 279 S.W. 3d 731, 732-33 (Tex. App.--Amarillo 2007, no pet); and *Denton Reg. Med. Ctr. v. LaCroix*, 947 S.W. 2d 941, 950 (Tex. App.-Fort Worth 1997, no writ). As a threshold issue, a plaintiff must establish the standard of care before the fact finder may consider whether the defendant breached the standard of care or if such a breach constituted negligence. *Hannah*, 523 F.3d at 601; *Denton Reg. Med. Ctr.*, 947 S.W.2d at 950.  A plaintiff must therefore prove how a reasonably careful and prudent physician would have acted under the same or similar circumstances. *See Hood v. Phillips*, 554 S.W. 2d 160, 165-66 (Tex. 1977).  Texas law imposes a presumption that the health-care provider has discharged his duty of care. *Thomas v. Beckering*, 391 S.W. 2d 771, 775 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.); *Shevack v. United States*, 528 F. Supp. 427, 431 (N.D. Tex. 1981).  A physician is not a guarantor of a cure, and negligence is not imputed from an unsatisfactory outcome. *See Hunter v. Robison*, 488 S.W. 2d 555, 560 (Tex. Civ. App.--Dallas 1978, writ ref'd n.r.e.); *Beckering*, 391 S.W. 2d at 775. Defeating the presumption of proper care requires affirmative proof of negligence and proximate cause. *Williford v. Banowsky*, 563 S.W. 2d 702, 705 (Tex. Civ. App.--Eastland 1978, writ ref'd n.r.e.).

Expert testimony is required when the alleged negligence is "of such a nature as not to be within the experience of the layman." *FFE Transp. Serv., Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (quoting *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)) (other citations omitted). Particular to the medical context, expert testimony is required to establish the applicable standard of care "unless the mode or form of treatment is a matter of common

knowledge or is within the experience of the layman . . .." *Hannah*, 523 F.3d at 601 (quoting *Hood*, 554 S.W. 2d at 165-66).

The plaintiff must similarly offer expert testimony on the issue of causation. *See Jelinek v. Casas*, 328 S.W. 3d 526, 533 (Tex. 2010) ("[T]he plaintiff must establish two causal nexuses in order to be entitled to recovery: (a) a causal nexus between the defendant's conduct and the event sued upon; and (b) a causal nexus between the event sued upon and the plaintiff's injuries"); *see also Arlington Memorial Hosp. Found., Inc., v. Baird*, 991 S.W. 2d 918, 922 (Tex. App. Fort Worth 1999, pet. denied) (citation omitted). A plaintiff must establish causation beyond the point of conjecture, and proof of mere possibilities does not support submission of the issue to a fact finder. *Jelinek*, 328 S.W. 3d at 537. In this regard, "mere speculation or conjecture is not sufficient to establish [a] causal connection between a defendant's conduct and the plaintiff's injuries." *Martin v. Durden*, 965 S.W.2d 562, 567 (Tex. App.-Houston [14th Dist.] 1997 writ denied) (citation omitted). In sum, an expert must explain, to a reasonable degree of medical probability, how and why the alleged negligence caused the injury based on the facts presented. *Jelinek*, 328 S.W. 3d at 539-40.

In short, subject to the narrow exception for matters of common knowledge, a plaintiff must produce expert testimony to meet his burden of proof on a medical malpractice claim under Texas law. *See Hannah*, 523 F.3d at 601; *see also Prindle v. United States*, No. 4:10-CV-54-A, 2011 WL 1869795, at *l–2 (N.D. Tex. May 13, 2011) (holding that expert testimony is required to establish the standard of care with respect to a FTCA claim that medical personnel were negligent in failing to diagnose and treat carcinoma); *Woods v. United States*, No. 3:08-CV-1670-D, 2010 WL 809601, at *3 (N.D. Tex. Mar. 8, 2010) (holding that

expert testimony is necessary to establish the standard of care with respect to an FTCA claim

that a VA doctor committed medical malpractice by prescribing a cholesterol medication that

interacted with the plaintiff's diabetes and liver disease).  Bustos must show, with expert

medical testimony, that the United States undertook a mode of treatment which a reasonable

and prudent member of the medical profession would not have undertaken under the same

or similar circumstances. *See Hood*, 554 S.W.2d at 165.

> 2.    Bustos has No Expert Testimony and thus, Cannot Demonstrate that the United States was Negligent in Treating his Hemophilia.

In this case, Bustos has not designated any expert, and he thus cannot provide any

expert opinion stating the standard of care for the treatment of hemophilia, or that there was

any breach of an applicable standard of care which caused him injury. And Bustos also has

not shown—nor can he show—that the medical standard of care, and the issues of breach and

causation regarding the treatment of the medical conditions detailed in his pleadings, are

matters of common knowledge or within the general experience of a lay person, so as to

excuse the requirement to provide evidence in the form of expert testimony. Indeed, Texas

law only excuses the requirement for expert testimony in cases of truly rare, obvious forms

of negligence. The Texas Supreme Court has given as examples "negligence in the use of

mechanical instruments, operating on the wrong portion of the body, or leaving surgical

instruments or sponges within the body." *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex.

1990). Bustos has not identified any such acts in this lawsuit. Certainly, the ongoing

management of hemophilia is outside the province of lay knowledge.

Moreover, as the materials submitted in the appendix make clear, Bustos was seen and

treated by medical personnel on numerous occasions for his hemophilia condition as well as individual injuries that might lead to bleeding. His many Advate treatments are reflected in his medication administration record. *See generally* App. at 176-196, 386-400. The records reflect that medical providers were responsive to Bustos's medical needs and adhered to the treatment orders entered by his hematology specialist. Specifically, Bustos was timely assessed when he complained of an injury and, where medically indicated, provided follow up treatment involving Advate injections to reduce potential bleeding. The fact that Plaintiff may now have some impairment in his right hand and left foot is not evidence of negligence, as Texas law makes clear that bad outcomes are not, alone, evidence of negligence. *See Senior Care Centers, LLC v. Shelton*, 459 S.W.3d 753, 758–59 (Tex. App.—Dallas 2015, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 74.303(e)(2) (West 2011)).

This is especially true given the facts revealed in the medical records in this case, which show that Bustos was routinely given prescriptions, third-party consultant care, and other accommodations to address his medical issues. At most, Bustos's claims reflect that despite a number of interventions by medical staff at BOP and outside medical personnel, Bustos's conditions in his hand and ankle may have worsened. But even if true, that is not evidence sufficient to meet Bustos's burden of proof to show negligence on the part of the BOP medical staff.

### 3.      Bustos is Unable to Prove Medical Negligence

Because Bustos failed to designate an expert who would provide evidentiary support

for his medical negligence claims, he is unable to establish the standard of care or breach of that standard regarding the treatment while he was housed at FMC-Fort Worth for his particular hemophilia condition and any complications arising from the treatment of that condition. *See generally Hannah*, 523 F.3d at 602 (affirming district court's summary judgment in favor of defendant where inmate plaintiff did not designate or hire an expert to testify regarding the applicable standard of care and how the care received breached that standard); *Hibbs v. United States*, No. 3:11-CV-2601-N-BH, 2013 WL 4434800, at *5 (N.D. Tex. Aug. 19, 2013) (granting summary judgment because inmate plaintiff did not designate an expert in medical malpractice claim). Bustos cannot defeat summary judgment "with conclusory allegations, unsubstantiated assertions or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (citations omitted). As Bustos has failed to provide expert testimony regarding the elements of his tort claim, he cannot create a material fact issue on whether the medical providers breached a duty that proximately caused his medical related injuries. Thus, for these additional reasons, the USA is entitled to summary judgment on Bustos's FTCA claims for relief under the FTCA.

### D.   The United States has not Waived Sovereign Immunity for Constitutional Claims.

The Court observes that in the amended complaint, Bustos recites claims under "the Eighth Amendment," and he specifically writes that the United States "knowingly and intentionally was deliberately indifferent to [his] serious medical needs." Am. Compl. 16, ECF No. 22. As noted above, the United States is absolutely immune from suit except to the extent that the United States has expressly waived that immunity. *Black v. North Dakota ex rel. Bd.*

*of Univ. & School Lands*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."). This waiver cannot be implied but must be unequivocally expressed. *United States v. King*, 395 U.S. 1, 4 (1969) (citing *Sherwood*); *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998) (citing *King*).

The United States has not waived sovereign immunity for claims alleging constitutional violations. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Brown v. United States*, 653 F.2d 196, 199 (5th Cir. 1981) ("*Bivens* also recognized, however, that the United States did not become vicariously liable for the constitutional torts of its officials, reaffirming the accepted doctrine that the United States has not waived its sovereign immunity from such actions."). Thus, to the extent Bustos asserts claims under the Eighth Amendment against the United States, he has failed to meet his burden of establishing subject matter jurisdiction with regard to any constitutional claims against the United States. Lack of subject matter jurisdiction may be raised at anytime by any party, or by the court *sua sponte*. Fed. R. Civ. P. 12(h)(3); *Bank One Texas v. United States*, 157 F. 3d 397, 403 (5th Cir. 1998). Thus, Bustos's claim for relief under the Eighth Amendment against the United States must be dismissed for lack of subject matter jurisdiction. *See Trevino v. United States*, No. Civ. A. 3:98-CV-2025-M, 2001 WL 880373, at *4 (N.D. Tex. Jul. 24, 2001) (dismissing constitutional claims under the Fourth, Fifth, and Eighth Amendments against the United States for lack of subject matter jurisdiction.)

## CONCLUSION and ORDER

For the reasons discussed herein, it is **ORDERED** that the USA's motion for summary judgment (ECF No.39) is **GRANTED**, such that all Ruben Bustos's claims under the FTCA against the United States of America are **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that all Bustos's constitutional claims against the United States are **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** on this **30th day** of **March, 2021**.


Mark T. Pittman
UNITED STATES DISTRICT JUDGE